By the Court.
 

 Section 3730, General Code, provides that, on petition filed in the court of common pleas for the vacation of a street, the court upon hearing, and being satisfied that it will conduce to the general interest of the municipality, may declare the street vacated; and that the remedy shall be in addition to those prescribed in the same title.
 

 The chief contention of the city is that this section is not intended to apply to city owned streets, and that if it does' apply, it amounts to a taking of the city’s property without due process and in violation of the Fourteenth Amendment to the Federal Constitution; and furthermore that the section infringes upon Section 3, Article XVIII, of the Ohio Constitution, which confers powers of local self-government upon municipalities. It is also contended that, if applicable to city streets, the provisions of the section conflict with the city charter provisions prohibiting the vacation without approval of the planning commission, or by an overriding two-thirds majority of the city council.
 

 
 *101
 
 There is no violation of the due process clause in suits for vacation instituted under Section 3730, General Code, for ample remedy for damages sustained has been provided in the succeeding sections; and since that section is in general terms and unrepealed, it applies to city streets, title to which rests in the city. The provisions of Section 4366-2, General Code, and those of the city charter, pertaining to the planning commission and the location and construction or vacation of streets, are substantially similar in respect to the requirement of the planning commission’s approval; or, in case of its disapproval, an overruling by two-thirds majority of the city council; and in that respect there is no conflict between the state law and the city charter. Since neither the charter nor state statutes pertaining to planning commissions furnish any judicial steps or proceedings whereby lot owners affected may obtain redress, or damages in case of vacation, that field of legislation has not been occupied by the city charter and there is no conflict between the charter provisions and Sections 3730
 
 et seq.,
 
 General Code, which do’ provide judicial process. Had the city charter and ordinances provided such process, the question of their constitutional validity would be directly presented.
 

 Section 3730, General Code, was not expressly repealed, and we are of opinion that there was no implied repeal in the adoption of Section 4366-2^ General Code, and that the city charter provisions were not intended to supersede Section 3730, General Code.
 

 'The common pleas court had jurisdiction to hear and determine the vacation proceedings therein instituted. • The judgment of the Court of Appeal will be affirmed.
 

 Judgment affirmed.
 

 Weygandt., C. J., Day, Stephenson, Jones and Matthias, JJ., concur.
 

 Bevis, J., not participating.